UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DONNA JACKSON,

                       Plaintiff,

      -against-

DARDEN CORPORATION, INC. d/b/a
THE OLIVE GARDEN RESTAURANT,

                      Defendants.
-----------------------------------------------------------------X

Docket No. 08 CIV. 1306

**NOTICE OF REMOVAL**

FEB - 8 2008

**Trial by Jury Demanded**

      Defendants, GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. d/b/a THE OLIVE GARDEN RESTAURANT, files this Notice of Removal and requests that removal be granted for the reasons set forth herein.

      The defendant seeks removal pursuant 28 U.S.C.§1441(a). The matter sought to be removed now is pending in the Supreme Court of the State of New York, County of Kings. This Court would have original jurisdiction over this matter pursuant to 28 U.S.C. §1332. At the time of filing of the Complaint and at the time of filing this Notice of Removal; (1) the plaintiff was and is a resident and citizen of the State of New York; County of Bronx and (2) the defendants, GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. d/b/a THE OLIVE GARDEN RESTAURANT is a Foreign Corporation with its headquarters in Florida. According to the allegations in the plaintiffs' Complaint, the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. Defendants received a copy of the Summons and Complaint on January 28, 2008.

      Copies of all papers received by the defendants in the State Court action are contained in Exhibit "A" annexed hereto.

Dated: Carle Place, New York
          February 6, 2008

Yours, etc.
STEVEN F. GOLDSTEIN, LLP

By:_____
    Steven F. Goldstein (2076)
Attorneys for Defendants
One Old Country Road, Suite 318
Carle Place, New York 11514
(516) 873-0011

TO:    Law Offices of Michael J. Asta
        Attorneys for Plaintiff
        450 Seventh Avenue, Suite 2205
        New York, New York 10123
        (212) 244-6555

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X   Index No.:
                                                                Date Filed:
DONNA JACKSON,

                                                                SUMMONS 300146-2006
                    Plaintiff,

                                                                The basis of venue is
    - against -                                                 Plaintiff's residence.

DARDEN CORPORATION, INC. d/b/a
THE OLIVE GARDEN RESTAURANT                                     Plaintiff designates
                                                                New York County as the
                    Defendant.                                  place of trial.
------------------------------------------------------------X

To the above named Defendant(s):

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the Sate of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       January 8, 2008

                                                        _____
                                                        MICHAEL J. ASTA

                                                        LAW OFFICES OF MICHAEL J. ASTA
                                                        Attorney for Plaintiff
                                                        450 Seventh Ave., Suite 2205
                                                        New York, NY 10123

Defendant's Address:
DARDEN CORPORATION, INC. d/b/a THE OLIVE GARDEN RESTAURANT
C/O CORPORATE CREATIONS NETWORK, INC.
15 NORTH MILL STREET
NYACK, NEW YORK, 10960

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------X
DONNA JACKSON,

                                    Plaintiff,    Index No:

         -against-

DARDEN CORPORATION, INC., and DARDEN GC
CORP. d/b/a THE OLIVE GARDEN RESTAURANT,    **VERIFIED COMPLAINT**
                                      Defendant,
-----------------------------------------------------------X

      Plaintiffs complaining of the defendants, by their attorney LAW OFFICES OF MICHAEL J. ASTA, as and for her verified complaint, respectfully alleges upon information and belief as follows:

1. That at all time hereinafter mentioned plaintiffs are residents of the County of Bronx, City and State of New York.

2. That at all times hereinafter mentioned, defendant, DARDEN CORPORATION, INC. (DARDEN CORP.) was and still is a foreign corporation authorized to do business in the State of New York.

3. That at all times hereinafter mentioned, defendant, DARDEN CORP was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, the defendant, DARDEN CORP conducted business within the City and State of New York with a place of business in the County of New York, State of New York.

5. That at all times hereinafter mentioned, defendant, DARDEN GC CORP., INC. (DARDEN GC) was and still is a foreign corporation authorized to do business in the State of New York.

6. That at all times hereinafter mentioned, defendant, DARDEN GC was and still is a

domestic corporation duly existing under and by virtue of the laws of the State of New York.

7. That at all times hereinafter mentioned, the defendant, DARDEN GC conducted business within the City and State of New York with a place of business in the County of New York, State of New York.

8. That at all time hereinafter mentioned DARDEN CORP. owned the premises known as 2 Times Square, County of New York, City and State of New York.

9. That at all time hereinafter mentioned DARDEN CORP. owned a restaurant known ad the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

10. That at all time hereinafter mentioned DARDEN CORP. operated a restaurant known ad the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

11. That at all time hereinafter mentioned DARDEN CORP. maintained a restaurant known ad the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

12. That at all time hereinafter mentioned, DARDEN CORP. controlled a restaurant known ad the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

13. That at all time hereinafter mentioned DARDEN CORP. managed a restaurant known ad the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

14. That at all time hereinafter mentioned it was the duty of defendant, DARDEN CORP. to

inspect the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

15. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN CORP. to keep the premises in a safe condition, free from hazards and dangerous conditions.

16. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN CORP. to maintain the premises in a safe condition, free from hazards and dangerous conditions.

17. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN CORP. to manage the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

18. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN CORP. to supervise the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

19. That at all time hereinafter mentioned DARDEN GC. owned the premises known as 2 Times Square, County of New York, City and State of New York.

20. That at all time hereinafter mentioned DARDEN GC owned a restaurant known ad the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

21. That at all time hereinafter mentioned DARDEN GC operated a restaurant known ad the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

22. That at all time hereinafter mentioned DARDEN GC. maintained a restaurant known ad the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

23. That at all time hereinafter mentioned, DARDEN GC controlled a restaurant known ad the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

24. That at all time hereinafter mentioned DARDEN GC managed a restaurant known ad the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

25. That at all time hereinafter mentioned it was the duty of defendant, DARDEN GC to inspect the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

26. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN GC to keep the premises in a safe condition, free from hazards and dangerous conditions.

27. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN GC to maintain the premises in a safe condition, free from hazards and dangerous conditions.

28. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN GC to manage the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

29. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN GC to supervise the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

30. That on or about March 13, 2006, plaintiff was lawfully within the confines of the premises at 2 Times Square, County of New York, City and State of New York.

31. That on or about March 13, 2006, plaintiff was lawfully within the confines of the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York,

City and State of New York.

32. That on March 13, 2006, at approximately 1:30 p.m. while the plaintiff, DONNA JACKSON, was lawfully and properly in the stairway area of the aforementioned premises, she was caused to fall because of inadequate and improper lighting, the absence of handrails, and inadequate handrails, hazardous condition of the stairs and a dangerous and otherwise hazardous condition of the stairway of aforesaid premises known and described as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York., wherein and whereby the plaintiff was caused to sustain serious and severe personal injuries.

33. The acts and/or omissions of negligence committed by the defendant, its agents, servants and/or employees consisted of failing to properly and adequately maintain and keep in repair the said stairway, in failing to post warning signs, barricades, and otherwise warning the plaintiff of the dangerous and hazardous condition; in failing to keep the stairway free from hazardous conditions which they knew or should have known constituted a danger and hazard to persons lawfully within the aforementioned premises; in failing to have adequate handrails; in having inadequate lighting, in having inadequate, improper and defective handrails; in failing to have sufficient inspections, repairs and maintenance done to the aforementioned stairway; in violating statute and code regulations; in improperly maintaining the lighting in the subject premises; in failing to use due care and caution in the premises; in being otherwise careless and negligent.

34. That this action falls within one or more of the exceptions set forth in CPLR §1602.

35. That as a result of the aforesaid accident caused by defendants negligence, plaintiff has

suffered severe personal injuries both temporary and permanent, has suffered and will suffer pain and mental anguish, has been and will be compelled to expend substantial sums of money for hospital, medical aid and assistance; has been and will be disabled from her vocation, and has been otherwise damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, along with fees, costs, and expenses.

**WHEREFORE**, the plaintiffs demands judgment on the first cause of action in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, together with the costs and disbursements of this action.

Dated: New York, New York
January 8, 2008

_____
Michael J. Asta

Law Offices of Michael J. Asta
Attorneys for Plaintiffs
450 Seventh Avenue, Suite 2205
New York, NY 10123
(212)244-6555

## Verification

STATE OF NEW YORK)
                 ) ss:
COUNTY OF NEW YORK)

Michael J. Asta an attorney duly admitted to practice law in the Courts of this State affirms the truth of the following under penalty of perjury and pursuant to Rule 2106 of the CPLR: I am the attorney of record for the plaintiff herein. I have read the annexed Summons and Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, as to those matters I believe them to be true. My knowledge is based upon conversations with the plaintiff and upon records on file in our office.

The reason I make this verification instead of plaintiff, is because said plaintiff is not within the County where my firm maintains its office.

Dated: January 5, 2008
       New York, NY

_____
Michael J. Asta

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

DONNA JACKSON,

                                                        Plaintiff,
                    -against-

DARDEN CORPORATION, INC. d/b/a
THE OLIVE GARDEN RESTAURANT,

                                                        Defendant,

## SUMMONS AND VERIFIED COMPLAINT

*Attorney for*

LAW OFFICES OF
**MICHAEL J. ASTA**
PLAINTIFF

450 SEVENTH AVENUE
SUITE 2205
NEW YORK, N.Y. 10123
TEL: (212) 244-6555

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated:..............................    Signature....................................................................

                                        Print Signer's Name.........................................................

*Service of a copy of the within                                              is hereby admitted.*

Dated:

                                        ...................................................................................
                                                              *Attorney(s) for*

### PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY — *that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on                                    20*

☐ NOTICE OF SETTLEMENT — *that an Order of which the within is a true copy will be presented for settlement to the Hon.                          one of the judges of the within named Court, at on                            20      , at            M.*

Dated:

                                        LAW OFFICES OF
                                        **MICHAEL J. ASTA**

                    *Attorney for*

                                        450 SEVENTH AVENUE
                                        SUITE 2205
To:                                     NEW YORK, N.Y. 10123

*Attorney(s) for*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) SS.:
COUNTY OF NASSAU         )

DEBRA BARBINE, being duly sworn, deposes and says:

That deponent is not a party to the action, is over 18 years of age, and resides in New York.

That on the 7th day of February 2008 deponent served the within **NOTICE OF REMOVAL (Federal Court Action)** upon:

TO:   Law Offices of Michael J. Asta
      Attorneys for Plaintiff
      450 Seventh Avenue, Suite 2205
      New York, New York 10123
      (212) 244-6555

The addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

DEBRA BARBINE

Sworn to before me this
7th day of February 2008

Notary Public

SALLY TAYLOR
Notary Public, State of New York
No. 01TA6126220
Qualified in Nassau County
Commission Expires May 2, 2009