

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DONNA JACKSON,                                                                    Docket No: 08 CV 1306

                                Plaintiff,                                  **VERIFIED ANSWER**

   -against-

                                                      **Trial by Jury Demanded**

DARDEN CORPORATION, INC. d/b/a
THE OLIVE GARDEN RESTAURANT,                                               Cedarbaum, M.G., J
                                                                  Eaton, D.F., M.J.
                                        Defendant(s)
-----------------------------------------------------------------------X

        Defendants, GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. d/b/a THE OLIVE GARDEN RESTAURANT, as and for its Verified Answer to the Verified Complaint of the plaintiffs herein, by its attorneys, STEVEN F. GOLDSTEIN, LLP, respectfully alleges and states, upon information and belief, as follows:

        1.       Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1," "5," "6," "7," "8," "19," "20," "30," "31," and "34" of the within Verified Complaint.

        2.       Defendant denies each and every allegation contained in paragraphs "2," "32," "33," and "35" of the within Verified Complaint.

        3.       Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "11," "12," "13," "14," "15," "16," "17" "18," "21," "22," "23," "24," "25," "26," "27," "28," and "29" of the within Verified Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

        4.       That the plaintiff's Complaint, in whole or in part, fails to state a valid cause of action, or claim upon which relief may properly be granted against this answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5. Upon information and belief, that any injuries sustained by plaintiff, were caused solely and wholly by reason of the carelessness and negligence of the plaintiff in that she did not take the usual necessary and proper precaution for her own safety and plaintiff was otherwise negligent and careless in the premises.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6. This answering defendant alleges, upon information and belief, that whatever injuries and/or damages were sustained by the plaintiff at the time and place alleged in the Complaint, were due in whole or in part as a result of the assumption of risk (primary and/or express and/or implied), comparative negligence, contributory negligence and culpable conduct of the plaintiff, and that such negligence, conduct and risk assumption reduces, mitigates and/or bars plaintiff's recovery.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7. This answering defendant denies any liability. However, should defendant be held responsible, the defendant demands that responsibility and damages be apportioned, reduced and determined in accordance with Articles 14 and 16 of the CPLR, in that if the finder of fact finds the answering defendant responsible, then plaintiff damages were caused by her own culpable conduct and/or the culpable conduct and/or acts of others.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8. In the event plaintiff recovers a verdict or judgment against answering defendant, said verdict or judgment should be reduced pursuant to CPLR 4545(c) by those amounts which have been or will, with reasonable certainty, replaced or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9. This answering defendant pleads as a set off of all settlements, discontinuances or agreements which would reduce any recovery pursuant to General Obligations Law 15-108.

WHEREFORE, defendant, GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. d/b/a THE OLIVE GARDEN RESTAURANT, demands judgment dismissing the complaint of the plaintiff herein, together with all reasonable costs and expenses which may have been incurred in the defense of this action.

Dated: Carle Place, New York
February 14, 2008

Yours, etc.

STEVEN F. GOLDSTEIN, LLP

_____
STEVEN F. GOLDSTEIN (2076)
Attorneys for Defendants
GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. d/b/a THE OLIVE GARDEN RESTAURANT
One Old Country Road, Suite 318
Carle Place, New York 11514
(516) 873-0011

TO: Law Offices of Michael J. Asta
Attorneys for Plaintiff
450 Seventh Avenue, Suite 2205
New York, New York 10123
(212) 244-6555

## VERIFICATION

STATE OF NEW YORK    )
                     )  SS.:
COUNTY OF NASSAU     )

**STEVEN F. GOLDSTEIN**, an attorney admitted to practice in the Courts of the State of New York, respectfully affirms the truth of the following under penalty of perjury and pursuant to Rule 2106 of the Civil Practice Law and Rules of the State of New York.

1. The affirmant is a member of the law firm of STEVEN F. GOLDSTEIN, LLP attorney for defendants.

2. The affirmant has read the foregoing **VERIFIED ANSWER** and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, affirmant believes it to be true.

3. The affirmant further states that the reason this verification is being made by the affirmant and not by the defendant, is that the defendant is not currently within the County in which the affirmant maintains his office.

4. The grounds of belief as to all matters not stated upon the knowledge of the affirmant are as follows: information contained in the records and files of the affirmant and of plaintiff.

_____
STEVEN F. GOLDSTEIN

Sworn to before me this
15th day of February 2008

_____
Notary Public

DEBRA BARBINE
Notary Public, State of New York
No. 01BA5076195
Qualified in Nassau County
Commission Expires April 21, 2011

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           ) SS.:
COUNTY OF NASSAU           )

DEBRA BARBINE, being duly sworn, deposes and says:

That deponent is not a party to the action, is over 18 years of age, and resides in New York.

That on the /5 day of February 2008, deponent served the within VERIFIED ANSWER; DEMAND FOR COPIES OF STATEMENTS; REQUEST PURSUANT TO FRCP RULE 26 (a)(2); DEMAND FOR PHOTOGRAPHS/VIDEOTAPES; DEMAND FOR IDENTIFICATION OF WITNESSES; NOTICE FOR DISCOVERY AND INSPECTION; NOTICE TO TAKE DEPOSITION; DEMAND PURSUANT TO FRCP RULE 34; NOTICE FOR INSURANCE DISCLOSURE; DEFENDANTS FIRST SET OF INTERROGATORIES upon:

TO:   Law Offices of Michael J. Asta
      Attorneys for Plaintiff
      450 Seventh Avenue, Suite 2205
      New York, New York 10123
      (212) 244-6555

The addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
DEBRA BARBINE

Sworn to before me this
/5 day of February 2008

_____
Notary Public

STEVEN L. GOLDSTEIN
NOTARY PUBLIC, State of New York
No. 4089899
Qualified in Nassau County
Commission Expires July 28, 20 /0