UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DONNA JACKSON,                                    **NOTICE OF MOTION FOR**
                                                  **REMAND**

                          Plaintiff,              Docket.: 08 CV 1306

              -against-
                                                  Cederbaum, M.G., J.
DARDEN CORPORATION and                            Eaton, F.F., M.J.
THE OLIVE GARDEN RESTAURANT,

                          Defendants.
----------------------------------------------------------------X

      Upon the affirmation of Michael J. Asta, sworn to on April 8, 2001, the Plaintiff, Donna

Jackson, will move this court at the United States Courthouse, Southern District of New York,

Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-

1312 on the 19th day of March 2008, at 9:30 a.m. for an order:

    a)  Remanding this matter to The Supreme Court of the State of New York, County of

       Bronx, pursuant to 28 U.S.C. 1332.

    b)  for such other and further relief as this court deems just and proper.

Dated: New York, New York
      March 3, 2008

                        s/ Michael Asta
                        _____
                        MICHAEL J. ASTA (MJA 1035)

                        LAW OFFICES OF MICHAEL J. ASTA
                        Attorneys for Defendants Roman and DeJesus
                        450 SEVENTH AVE.
                        SUITE 2205
                        NEW YORK, N.Y. 10001
                        (212) 244-6555

TO:   STEVEN F. GOLDSTEIN, LLP
       ONE OLD COUNTRY ROAD, SUITE 318
       CARLE PLACE, NEW YORK 11514

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DONNA JACKSON,

               Plaintiff,                    Docket.: 08 CV 1306

        -against-

DARDEN CORPORATION and             Cederbaum, M.G., J.
THE OLIVE GARDEN RESTAURANT,    Eaton, F.F., M.J.

            Defendants.
------------------------------------------------------------X

## Affidavit of Service by Mail

STATE OF NEW YORK)
                ) ss:
COUNTY OF NEW YORK)

ELLEN SAKANY, being duly sworn, deposes and says; I am not a party to the action; I am over 18 years of age and reside in Bronx, New York. February 5, 2008, I mailed the within Notice of Motion for Remand, Affirmation of counsel in support with supporting exhibit, Memorandum of Law and Amended summons and complaint, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name to;

                                      ELLEN SAKANY

Steven F. Goldstein, LLP
One Old Country Road, Suite 318
Carle Place, NY 11514

Sworn to before me this
3 day of March, 2008

Notary Public

MAXINE G. ESTEVES
Notary Public State of New York
No. 01ES6156038
Qualified in Bronx County
Commission Expires November 20, 20___10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DONNA JACKSON,

                     Plaintiff,                            Docket.:  08 CV 1306

                -against-                     **<u>AFFIRMATION IN SUPPORT</u>**

DARDEN CORPORATION                       Cederbaum, M.G., J.
d/b/a THE OLIVE GARDEN RESTAURANT     Eaton, F.F., M.J.

                 Defendants.
-----------------------------------------------------------------X

       MICHAEL J. ASTA, an attorney duly licensed to practice before the courts of this state, hereby affirms the following to be true under penalties of perjury.

       1.      I am counsel for the Plaintiff, Donna Jackson (hereinafter, "Plaintiff Jackson") herein, and as such am fully familiar with the facts and circumstances of this action.

       2.      This affirmation is submitted in support of Plaintiff Jackson's motion for Remand pursuant to 28 U.S.C. 1332.

       3.  This action arises due to the negligence of Defendant Darden Corporation (hereinafter, "Defendant Darden") while operating a restaurant known as the Olive Garden on March 13, 2006 at the premises known as Two Times Square, New York, New York. At that time, Plaintiff Jackson was caused to slip and fall on the interior staircase that was negligently maintained, designed and/or constructed. As a result of her accident, Plaintiff Jackson suffered personal injuries.

       4.  Plaintiff Jackson commenced an action for personal injuries against Defendant Darden d/b/a The Olive Garden Restaurant in the Supreme Court of the State of New York, County of Bronx on January 9, 2008. This matter was noticed for removal by Defendant Darden pursuant to 28 U.S.C. section 1441(a) and Defendant Darden claims that this Honorable Court has

jurisdiction pursuant to 28 U.S.C. section 1332.

5.   In its Notice of Removal, Defendant Darden incorrectly pleaded that the State Court matter is pending in the County of Kings. In fact, it is pending in the County of Bronx.

6.   Plaintiff has recently ascertained the owner of the premises, Sherwood Equities, Inc., located at 745 5th Avenue, New York, New York, a corporate citizen of New York, and will be adding that party as a defendant in this matter.

7.   Based upon the facts of Plaintiff Jackson's claim and the status of Defendant Darden's corporate citizenship in New York State and the lack of evidence as to the value of her claim, Plaintiff Jackson submits that this matter should be remanded to the Supreme Court of New York, County of Bronx. The facts, as recently ascertained by Plaintiff Jackson are set forth herein.

8.   Plaintiff Jackson is a citizen of the State of  New York.

9.   Defendant Darden. (Darden GC Corporation) is registered with the New York State Department of State as a Foreign Business Corporation (Exhibit "A").

10.   Contrary to Defendant Darden's Notice of Removal, there is no evidence to suggest that Defendant Darden is a Delaware Corporation as alleged in Defendant Darden's Notice of Removal.

11. Upon information and belief and based upon information obtained from Defendant Darden's website, Defendant Darden is a Florida Corporation incorporated in March 1995. It is the parent company of GMRI, Inc., also a Florida corporation. GMRI and its other subsidiaries own the operating assets of its restaurants. GMRI, Inc. was originally incorporated in March 1968 as Red Lobster Inns of America, Inc.

12.  In May 1995, the Company became a separate publicly held company when General Mills distributed all outstanding Darden stock to General Mills' stockholders. At the end of 2006, Darden employed approximately 157,300 persons. Of these employees, approximately 1,300 were corporate or restaurant concept personnel located in its restaurant support center in Orlando, Florida. Approximately 6,300 were restaurant management personnel in the restaurants or in field offices, and the remainder were hourly restaurant personnel.

13.  Darden Restaurants, Inc. is a publicly held casual dining restaurant company. As of May 28, 2006, the Company operated 1,390 restaurants in 49 states. In New York, there are eight Olive Garden Restaurants. Other Darden restaurants include Red Lobster, Bahama Breeze, Smokey Bones Barbeque & Grill and Five Seasons and they number in the hundreds in New York. Defendant Darden owns and operates all of its restaurants in the United States and Canada, with no franchising.

14.  For the reasons set forth herein along with the memorandum of law submitted in support of Plaintiff Jackson's current application, it is respectfully submitted that this matter should be remanded to the Supreme Court of the State of New York due to lack of jurisdiction pursuant to 28 U.S.C. 1332.

Dated: March 4, 2008
     New York, N.Y.

                        s/ Michael Asta
               -------------------------------------------------
               MICHAEL J. ASTA (MJA 1035)

               LAW OFFICES OF MICHAEL J. ASTA
               Attorneys for Defendants Roman and DeJesus
               450 SEVENTH AVE., SUITE 2205
               NEW YORK, N.Y. 10123
               (212) 244-6555

# EXHIBIT "A"

# NYS Department of State

## Division of Corporations

**Entity Information**

Selected Entity Name: DARDEN GC CORP.

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | DARDEN GC CORP. |
| **Initial DOS Filing Date:** | MAY 04, 2005 |
| **County:** | ALBANY |
| **Jurisdiction:** | COLORADO |
| **Entity Type:** | FOREIGN BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
C/O CORPORATE CREATIONS NETWORK INC.
15 NORTH MILL STREET
NYACK, NEW YORK, 10960

**Chairman or Chief Executive Officer**
BRAD RICHMOND
5900 LAKE ELLENOR DR
ORLANDO, FLORIDA, 32809

**Principal Executive Office**
DARDEN GC CORP.
6100 LAKE ELLENOR DR
ORLANDO, FLORIDA, 32809

**Registered Agent**
CORPORATE CREATIONS NETWORK INC.
15 NORTH MILL STREET
NYACK, NEW YORK, 10960

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page     NYS Department of State Home Page

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DONNA JACKSON,

                Plaintiff,                Docket.: 08 CV 1306

      -against-

                                  Cederbaum, M.G., J.
DARDEN CORPORATION            Eaton, F.F., M.J.:
d/b/a THE OLIVE GARDEN RESTAURANT

                  Defendant.
-----------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF, DONNA JACKSON'S, MOTION FOR REMAND


LAW OFFICES OF MICHAEL J. ASTA
450 SEVENTH AVE., SUITE 2205
NEW YORK, N.Y. 10123
(212) 244-6555

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of Plaintiff, Donna Jackson's, Motion to Remand pursuant to 28 U.S.C. 1332.

## FACTS

This action arises due to the negligence of Defendant Darden while operating a restaurant known as the Olive Garden on March 13, 2006 at the premises known as Two Times Square, New York, New York. At that time, Plaintiff was caused to slip and fall on the staircase located within the premises. The stairs were negligently designed, constructed and/or maintained. As a result of her accident, Plaintiff Jackson suffered personal injuries.

## PROCEDURAL HISTORY

An action for personal injuries was commenced against Darden Corporation, Inc. d/b/a The Olive Garden Restaurant in the Supreme Court of the State of New York, County of Bronx on January 9, 2008. This matter was noticed for removal by Defendant Darden pursuant to 28 U.S.C. section 1441(a) and Defendant Darden claims that this Honorable Court has jurisdiction pursuant to 28 U.S.C. section 1332. Plaintiff has recently ascertained the owner of the premises, Sherwood Equities, Inc., located at 745 5th Avenue, #1707, New York, New York, a corporate citizen of New York, and will be adding that party as a defendant in this matter.

## I. Standard for Remand.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. GuardianLife Ins. Co. of Am., 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter

2

jurisdiction in the case. "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." <u>Caterpillar Inc. v. Williams,</u> 482 U.S. 386, 392 (1987). The existence of jurisdiction must be supported by a preponderance of the evidence. <u>Altimore v. Mount Mercy College</u>, 420 F.3d 763, 768 (8th Cir. 2005). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See* <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). The defendant bears the burden of establishing subject-matter jurisdiction. *See* <u>Wilson v. Republic Iron & Steel Co.,</u> 257 U.S. 92, 97 (1921).

## **II. Discussion.**

### **This Court Lacks Diversity Jurisdiction over the Parties**

### **Pursuant to 28 U.S.C. § 1332**

In deciding whether diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, a court must determine whether the parties are completely diverse and whether the amount in controversy exceeds $75,000. It is well established that complete diversity exists when no defendant holds citizenship in a state where any plaintiff holds citizenship at the time of the lawsuit's filing. <u>Capitol Indem. Corp. v. Russellville Steel Co., Inc.,</u> 367 F.3d 831, 835 (8th Cir. 2003), 28 U.S.C. § 1332(c)(1). In recognition of the federalism concerns identified above, subject matter jurisdiction under § 1332(a)(2) has been interpreted to require *complete **diversity**,* such that the citizenship of each plaintiff must be different from that of each defendant. <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 75-78 (1996). For diversity purposes, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

When determining a corporation's principal place of business, a court should look to the "total activity of the company" or the "totality of the circumstances," considering "the character of the corporation, its purposes, the kind of business in which it is engaged, and the *situs* of its operations." Amoco Rocmount Co. v. Anschutz Corp., 7 F.3d 909, 915 & n.2 (10th Cir. 1993).

In the instant case, Plaintiff Jackson is a citizen of the State of New York. The pivotal issue is the citizenry of Defendant Darden. Darden GC Corporation is registered with the New York State Department of State as a Foreign Business Corporation. Contrary to Defendant Darden's Notice of Removal, there is no evidence to suggest that Defendant Darden is a Delaware Corporation. Upon information obtained from Defendant Darden's website, Defendant Darden is a Florida Corporation incorporated in March 1995. It is the parent company of GMRI, Inc., also a Florida corporation. GMRI and its other subsidiaries own the operating assets of its restaurants. GMRI, Inc. was originally incorporated in March 1968 as Red Lobster Inns of America, Inc.

In May 1995, the Company became a separate publicly held company when General Mills distributed all outstanding Darden stock to General Mills' stockholders. At the end of 2006, Darden employed approximately 157,300 persons. Of these employees, approximately 1,300 were corporate or restaurant concept personnel located in its restaurant support center in Orlando, Florida. Approximately 6,300 were restaurant management personnel in the restaurants or in field offices, and the remainder were hourly restaurant personnel.

Darden Restaurants, Inc. is a publicly held casual dining restaurant company. As of May 28, 2006, the Company operated 1,390 restaurants in 49 states. In New York, there are eight Olive Garden Restaurants. Other Darden restaurants include Red Lobster, Bahama Breeze, Smokey Bones Barbeque & Grill and Five Seasons and they number in the hundreds in New York. Defendant Darden owns and operates all of its restaurants in the United States and Canada, with no franchising.

Based on the Court of Appeals' opinion in the case of R.G. Barry Corporation v. Mushroom Makers, Inc., 612 F.2d 651 (2d Cir. 1979), Defendant Darden would well be considered a citizen of New York. In that case, appeal was taken from a judgment of the United States District Court for the Southern District of New York, denying plaintiff's motion to remand an action for trademark dilution under New York law to state court and dismissing plaintiff's complaint. Judge Kaufman of the Court of Appeals held, *inter alia*, that: although plaintiff corporation's overall policies were set in Mississippi and much of its administrative and manufacturing requirements were contracted out to Mississippi firms, corporation was a citizen of New York for purposes of diversity jurisdiction where New York was the community in which it engaged in its most extensive contact with public and was the state in which the corporation maintained its only office and employed its sole full-time employee.

In making its determination, Judge Kauffman cited Inland Rubber Corp. v. Triple A Tire Service, Inc., 220 F.Supp. 490 (S.D.N.Y. 1963), which held as follows:

> When…corporate operations are centralized, courts have
> tended to deemphasize the concentration on the corporate

"nerve center" and to focus instead upon the state in which
a corporation has its most extensive contacts with, or
greatest impact on, the general public. For example, in
Inland Rubber Corp. v. Triple A Tire Service, Inc., 220
F.Supp. 490 (S.D.N.Y. 1963), a corporation chartered and
headquartered in Ohio was found also to be a citizen of
New York, because…most of its employees and two-thirds
of its sales were centered in New York. Id.

The R.G. Barry Court also relied on Scot Typewriter Co. v. Underwood Corp., 170

F.Supp. 862, 865 (S.D.N.Y. 1959) in forming its decision. In Scot, the defendant sought

to remove an action brought in a New York State court on the ground that it was a citizen

of Connecticut. Judge Weinfeld held that even though Underwood had its largest

production plant, greatest number of employees and principal assets in Connecticut, it

was just as much of a seller as a manufacturer of typewriters. Underwood's greatest

volume of sales occurred in California and New York. R.G. Barry Corporation v.

Mushroom Makers, Inc., 612 F.2d 651 (2d Cir. 1979), citing Scot Typewriter Co. v.

Underwood Corp., 170 F.Supp. 862, 865 (S.D.N.Y. 1959).

Ultimately, The R.G. Barry case and Plaintiff Jackson's case have marked similarities.

Judge Kaufman's reasoning, applied to the instant action, would support a remand. He

held:

Although the company's overall policies may be set in
Mississippi and much of its administrative and
manufacturing requirements contracted out to Mississippi
firms, New York is the community in which Mushroom
Makers engages in its most extensive contact with the

<u>public</u> and the jurisdiction where it is least likely to suffer
from 'local prejudice.'' If, indeed, the 'local prejudice'
concept is not a relic of the past. <u>Id</u>. *emphasis added*

Defendant Darden owns hundreds of restaurants in New York that employ thousands of

workers. Each restaurant has management staff in New York. The actual contact that

Defendant Darden has with the public is through its restaurants. It is unknown whether

any of the employees in Defendant Darden's Florida office have any contact with the

public at all. Judge Kaufman also touched upon the increasingly antiquated notion of

"local prejudice." Certainly, in New York City, where most of its citizens are non-natives

and its businesses are of a national or international origin, it is hard to conceive that an

Olive Garden Restaurant would be the victim of "local prejudice."

Notwithstanding the substantive issues of the lack of diversity as noted above, Defendant

Darden's Notice of Removal is defective in that it names the Supreme Court of New

York, County of Kings, as the Court wherein Plaintiff Jackson filed her original

Complaint. However, Defendant Darden's Notice of Removal is incorrect as Plaintiff's

Complaint was filed in the County of Bronx.

The second issue of relevance to Plaintiff Jackson's application is whether her claim

exceeds the jurisdictional amount of $75,000. Pursuant to <u>28 U.S.C. § 1447</u>, the party

opposing the motion bears the burden of showing, by a preponderance of the evidence,

and with competent proof, that the claim in question is in excess of the jurisdictional

amount ($75,000). <u>United Food & Commercial Workers Union v. CenterMark Prop.</u>, 30

<u>F.3d 298, 304-305 (2d Cir.1994)</u> [citation omitted]; <u>R.G. Barry Corp. v. Mushroom

Makers, Inc.</u>, 612 F.2d 651, 655 (2d Cir.1979) [citations omitted].

7

The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). ("[The defendant] has the burden [on the plaintiff's motion to remand] of proving that it appears to a reasonable probability that the [plaintiff's] claim is in excess of the statutory jurisdictional amount.... To determine whether that burden has been met, we look first to the plaintiffs' complaint and then to [the defendant's] petition for removal."). Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir.2000).

Attached to Defendant Darden's Notice of Removal is Plaintiff Jackson's Complaint. In her Complaint, Plaintiff Jackson has alleged that she has suffered personal injuries and is seeking a sum of money having a present value which "exceeds the limits of all lower courts." Plaintiff Jackson has not pleaded any specific sum with regard to her damages claimed or a specific injury. Moreover, Defendant Darden's Notice of Removal is merely conclusory and does not offer any basis to suggest the nature of the dollar value of Plaintiff Jackson's claim. Consequently, based on Caterpillar, Defendant Darden cannot bear its burden of demonstrating by a preponderance of evidence that Plaintiff Jackson's claim exceeds the jurisdictional amount of $75, 000.00.

## CONCLUSION

As set forth above, Defendant Darden has failed to meet its burden, by a preponderance of the evidence, that it is not a citizen of the State of New York and that the value of Plaintiff Jackson's claim is in excess of $75,000. Additionally, Plaintiff

Jackson has recently ascertained the identity of the owner of the premises upon which she was injured and will be adding said party to her complaint. Upon information and belief, that defendant is a citizen of New York. In viewing the totality of the factors involved with Defendant Darden's extensive contacts with the State of New York and the lack of evidence as to the value of Plaintiff Jackson's claim, it is respectfully submitted that this matter should properly be remanded to the Supreme Court of New York, County of Bronx along with such other and further relief as this court deems just and proper.

Dated:  March 1, 2008
      New York, N.Y.

      s/ Michael Asta
      _____
      MICHAEL J. ASTA (MJA 1035)

      LAW OFFICES OF MICHAEL J. ASTA
      Attorney for Donna Jackson
      450 SEVENTH AVE., SUITE 2205
      NEW YORK, N.Y. 10123
      (212) 244-6555

UNITED STATES DISTRICT COURT
SOUTHERN DISCTRICT OF NEW YORK
--------------------------------------------------X
DONNA JACKSON,

                              Plaintiff,


              -against-


DARDEN CORPORATION, INC., and
DARDEN GC CORP. d/b/a THE OLIVE
GARDEN RESTAURANT, and
SHERWOOD EQUITIES, INC.,

                        Defendants,

--------------------------------------------------X

CIVIL CASE NO:
08 CV 1306

**AMENDED
<u>SUMMONS</u>**

To the above named Defendant(s):

      You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       March 1, 2008

                            s/ Michael Asta


                         _____

                         MICHAEL J. ASTA (MJA 1035)

                         Law Offices of Michael J. Asta
                         450 Seventh Avenue, Suite 2205
                         New York, NY 10123

Defendants' Addresses:

DARDEN CORPORATION, INC.         SHERWOOD EQUITIES, INC.
d/b/a THE OLIVE GARDEN RESTAURANT   745 5TH AVENUE, #1707
c/o CORPORATE CREATIONS NETWORK, INC.   NEW YORK, NY 10151
15 NORTH MILL STREET
NYACK, NY 10960

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DONNA JACKSON,

                              Plaintiff,          Index No:  08 CV 1306

                   -against-

DARDEN CORPORATION, INC., and DARDEN GC
CORP. d/b/a THE OLIVE GARDEN RESTAURANT,
and SHERWOOD EQUITIES, INC.

                           Defendants,
------------------------------------------------------------------X

**AMENDED
VERIFIED COMPLAINT**

      Plaintiff complaining of the defendants, by their attorney LAW OFFICES OF MICHAEL J. ASTA, as and for her verified complaint, respectfully alleges upon information and belief as follows:

1. That at all time hereinafter mentioned Plaintiff was and is a resident of the County of Bronx, City and State of New York.

2. That at all times hereinafter mentioned, Defendant, DARDEN CORPORATION, INC. (DARDEN CORP.) was and still is a foreign corporation authorized to do business in the State of New York.

3. That at all times hereinafter mentioned, defendant, SHERWOOD EQUITIES, INC. (SHERWOOD) was and still is a foreign corporation authorized to do business in the State of New York.

4. That at all times hereinafter mentioned, defendant, DARDEN CORP was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York.

5. That at all times hereinafter mentioned, defendant, SHERWOOD was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New

York.

6. That at all times hereinafter mentioned, the defendant, DARDEN CORP conducted business within the City and State of New York with a place of business in the County of New York, State of New York.

7. That at all times hereinafter mentioned, the defendant, SHERWOOD conducted business within the City and State of New York with a place of business in the County of New York, State of New York.

8. That at all times hereinafter mentioned, defendant, DARDEN GC CORP., INC. (DARDEN GC) was and still is a foreign corporation authorized to do business in the State of New York.

9. That at all times hereinafter mentioned, defendant, DARDEN GC was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York.

10. That at all times hereinafter mentioned, the defendant, DARDEN GC conducted business within the City and State of New York with a place of business in the County of New York, State of New York.

11. That at all time hereinafter mentioned DARDEN CORP. owned the premises known as 2 Times Square, County of New York, City and State of New York.

12. That at all time hereinafter mentioned SHERWOOD owned the premises known as 2 Times Square, County of New York, City and State of New York.

13. That at all time hereinafter mentioned DARDEN CORP. owned a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

14.   That at all time hereinafter mentioned SHERWOOD owned a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

15.   That at all time hereinafter mentioned DARDEN CORP. operated a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

16.  That at all time hereinafter mentioned DARDEN CORP. maintained a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

17.  That at all time hereinafter mentioned, DARDEN CORP. controlled a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

18.   That at all time hereinafter mentioned DARDEN CORP. managed a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

19.  That at all time hereinafter mentioned it was the duty of defendant, DARDEN CORP. to inspect the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

20.  That at all times hereinafter mentioned, it was the duty of defendant, DARDEN CORP. to keep the premises in a safe condition, free from hazards and dangerous conditions.

21.  That at all times hereinafter mentioned, it was the duty of defendant, DARDEN CORP. to maintain the premises in a safe condition, free from hazards and dangerous conditions.

22.  That at all times hereinafter mentioned, it was the duty of defendant, DARDEN CORP.

to manage the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

23. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN CORP. to supervise the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

24. That at all time hereinafter mentioned SHERWOOD operated the premises known as 2 Times Square, County of New York, City and State of New York.

25. That at all time hereinafter mentioned SHERWOOD maintained the premises known as 2 Times Square, County of New York, City and State of New York.

26. That at all time hereinafter mentioned, SHERWOOD controlled the premises known as 2 Times Square, County of New York, City and State of New York.

27. That at all time hereinafter mentioned SHERWOOD managed the premises known as 2 Times Square, County of New York, City and State of New York.

28. That at all time hereinafter mentioned it was the duty of defendant, SHERWOOD to inspect the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

29. That at all times hereinafter mentioned, it was the duty of defendant, SHERWOOD to keep the premises in a safe condition, free from hazards and dangerous conditions.

30. That at all times hereinafter mentioned, it was the duty of defendant, SHERWOOD to maintain the premises in a safe condition, free from hazards and dangerous conditions.

31. That at all times hereinafter mentioned, it was the duty of defendant, SHERWOOD to manage the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

32. That at all times hereinafter mentioned, it was the duty of defendant, SHERWOOD to supervise the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

33. That at all time hereinafter mentioned DARDEN GC owned the premises known as 2 Times Square, County of New York, City and State of New York.

34. That at all time hereinafter mentioned DARDEN GC owned a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

35 That at all time hereinafter mentioned DARDEN GC operated a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

36. That at all time hereinafter mentioned DARDEN GC. maintained a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

37. That at all time hereinafter mentioned, DARDEN GC controlled a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

38. That at all time hereinafter mentioned DARDEN GC managed a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

39. That at all time hereinafter mentioned it was the duty of defendant, DARDEN GC to inspect the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

40.  That at all times hereinafter mentioned, it was the duty of defendant, DARDEN GC  to keep the premises in a safe condition, free from hazards and dangerous conditions.

41.  That at all times hereinafter mentioned, it was the duty of defendant, DARDEN GC  to maintain the premises in a safe condition, free from hazards and dangerous conditions.

42.  That at all times hereinafter mentioned, it was the duty of defendant, DARDEN GC  to manage the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

43.  That at all times hereinafter mentioned, it was the duty of defendant, DARDEN GC  to supervise the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

44.  That on or about March 13, 2006, plaintiff was lawfully within the confines of the premises at 2 Times Square, County of New York, City and State of New York.

45.  That on or about March 13, 2006, plaintiff was lawfully within the confines of the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

46.  That on March 13, 2006,  at approximately 1:30  p.m. while the plaintiff, DONNA JACKSON,  was lawfully and  properly in the stairway  area of  the aforementioned premises, she was caused to fall because of inadequate and improper lighting, the absence of handrails, and inadequate handrails, hazardous condition of the stairs and  a dangerous and otherwise hazardous condition of the stairway of aforesaid  premises known and described as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York., wherein and whereby the plaintiff was caused to sustain serious and severe personal injuries.

47.  The acts and/ or omissions of negligence committed by the Defendants, their agents,

servants and /or employees consisted of failing to properly and adequately design,

construct, maintain and keep in repair the said stairway, in failing to post warning signs,

barricades, and otherwise warning the Plaintiff of the dangerous and hazardous

condition; in failing to keep the stairway free from hazardous conditions which they

knew or should have known constituted a danger and hazard to persons lawfully within

the aforementioned premises; in failing to have adequate handrails; in having inadequate

lighting, in having inadequate, improper and defective handrails; in failing to have

sufficient inspections, repairs and maintenance done to the aforementioned stairway; in

violating statute and code regulations; in improperly maintaining the lighting in the

subject premises; in failing to use due care and caution in the premises; in failing to

properly design and/or construct the stairway; and in being otherwise careless and

negligent.

48.  That this action falls within one or more of the exceptions set forth in CPLR §1602.

49.  That as a result of the aforesaid accident caused by Defendants negligence, plaintiff has

suffered severe personal injuries both temporary and permanent, has suffered and will

suffer pain and mental anguish, has been and will be compelled to expend substantial

sums of money for hospital, medical aid and assistance; has been and will be disabled

from her vocation, and has been otherwise damaged in a sum of money having a present

value that exceeds the jurisdictional limits of all lower courts which would otherwise

have jurisdiction of this matter, along with fees, costs, and expenses.

   **WHEREFORE,** the Plaintiff demands judgment on the first cause of action in a

sum of money having a present value which exceeds the jurisdictional limits of all lower

courts which would otherwise have jurisdiction of this matter, together with the costs and

disbursements of this action.

Dated: New York, New York
       March 1, 2008

s/ Michael Asta

MICHAEL J. ASTA (MJA 1035)

Law Offices of Michael J. Asta
Attorneys for Plaintiffs
450 Seventh Avenue, Suite 2205
New York, NY 10123
(212)244-6555