UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DONNA JACKSON,

                                    Plaintiff,        Index No: 08 CV 1306

            -against-

DARDEN CORPORATION, INC., and DARDEN GC      **AMENDED**
CORP. d/b/a THE OLIVE GARDEN RESTAURANT,    **VERIFIED COMPLAINT**
and SHERWOOD EQUITIES, INC.

                                   Defendants,
------------------------------------------------------------------X

      Plaintiff complaining of the defendants, by their attorney LAW OFFICES OF MICHAEL J. ASTA, as and for her verified complaint, respectfully alleges upon information and belief as follows:

1. That at all time hereinafter mentioned Plaintiff was and is a resident of the County of Bronx, City and State of New York.

2. That at all times hereinafter mentioned, Defendant, DARDEN CORPORATION, INC. (DARDEN CORP.) was and still is a foreign corporation authorized to do business in the State of New York.

3. That at all times hereinafter mentioned, defendant, SHERWOOD EQUITIES, INC. (SHERWOOD) was and still is a foreign corporation authorized to do business in the State of New York.

4. That at all times hereinafter mentioned, defendant, DARDEN CORP was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York.

5. That at all times hereinafter mentioned, defendant, SHERWOOD was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New

York.

6. That at all times hereinafter mentioned, the defendant, DARDEN CORP conducted business within the City and State of New York with a place of business in the County of New York, State of New York.

7. That at all times hereinafter mentioned, the defendant, SHERWOOD conducted business within the City and State of New York with a place of business in the County of New York, State of New York.

8. That at all times hereinafter mentioned, defendant, DARDEN GC CORP., INC. (DARDEN GC) was and still is a foreign corporation authorized to do business in the State of New York.

9. That at all times hereinafter mentioned, defendant, DARDEN GC was and still is a domestic corporation duly existing under and by virtue of the laws of the State of New York.

10. That at all times hereinafter mentioned, the defendant, DARDEN GC conducted business within the City and State of New York with a place of business in the County of New York, State of New York.

11. That at all time hereinafter mentioned DARDEN CORP. owned the premises known as 2 Times Square, County of New York, City and State of New York.

12. That at all time hereinafter mentioned SHERWOOD owned the premises known as 2 Times Square, County of New York, City and State of New York.

13. That at all time hereinafter mentioned DARDEN CORP. owned a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

14. That at all time hereinafter mentioned SHERWOOD owned a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

15. That at all time hereinafter mentioned DARDEN CORP. operated a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

16. That at all time hereinafter mentioned DARDEN CORP. maintained a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

17. That at all time hereinafter mentioned, DARDEN CORP. controlled a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

18. That at all time hereinafter mentioned DARDEN CORP. managed a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

19. That at all time hereinafter mentioned it was the duty of defendant, DARDEN CORP. to inspect the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

20. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN CORP. to keep the premises in a safe condition, free from hazards and dangerous conditions.

21. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN CORP. to maintain the premises in a safe condition, free from hazards and dangerous conditions.

22. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN CORP.

to manage the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

23. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN CORP. to supervise the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

24. That at all time hereinafter mentioned SHERWOOD operated the premises known as 2 Times Square, County of New York, City and State of New York.

25. That at all time hereinafter mentioned SHERWOOD maintained the premises known as 2 Times Square, County of New York, City and State of New York.

26. That at all time hereinafter mentioned, SHERWOOD controlled the premises known as 2 Times Square, County of New York, City and State of New York.

27. That at all time hereinafter mentioned SHERWOOD managed the premises known as 2 Times Square, County of New York, City and State of New York.

28. That at all time hereinafter mentioned it was the duty of defendant, SHERWOOD to inspect the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

29. That at all times hereinafter mentioned, it was the duty of defendant, SHERWOOD to keep the premises in a safe condition, free from hazards and dangerous conditions.

30. That at all times hereinafter mentioned, it was the duty of defendant, SHERWOOD to maintain the premises in a safe condition, free from hazards and dangerous conditions.

31. That at all times hereinafter mentioned, it was the duty of defendant, SHERWOOD to manage the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

32. That at all times hereinafter mentioned, it was the duty of defendant, SHERWOOD to supervise the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

33. That at all time hereinafter mentioned DARDEN GC owned the premises known as 2 Times Square, County of New York, City and State of New York.

34. That at all time hereinafter mentioned DARDEN GC owned a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

35. That at all time hereinafter mentioned DARDEN GC operated a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

36. That at all time hereinafter mentioned DARDEN GC. maintained a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

37. That at all time hereinafter mentioned, DARDEN GC controlled a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

38. That at all time hereinafter mentioned DARDEN GC managed a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

39. That at all time hereinafter mentioned it was the duty of defendant, DARDEN GC to inspect the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

40. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN GC to keep the premises in a safe condition, free from hazards and dangerous conditions.

41. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN GC to maintain the premises in a safe condition, free from hazards and dangerous conditions.

42. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN GC to manage the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

43. That at all times hereinafter mentioned, it was the duty of defendant, DARDEN GC to supervise the premises to ensure the premises was kept in a safe condition, free from hazards and dangerous conditions.

44. That on or about March 13, 2006, plaintiff was lawfully within the confines of the premises at 2 Times Square, County of New York, City and State of New York.

45. That on or about March 13, 2006, plaintiff was lawfully within the confines of the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

46. That on March 13, 2006, at approximately 1:30 p.m. while the plaintiff, DONNA JACKSON, was lawfully and properly in the stairway area of the aforementioned premises, she was caused to fall because of inadequate and improper lighting, the absence of handrails, and inadequate handrails, hazardous condition of the stairs and a dangerous and otherwise hazardous condition of the stairway of aforesaid premises known and described as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York., wherein and whereby the plaintiff was caused to sustain serious and severe personal injuries.

47. The acts and/ or omissions of negligence committed by the Defendants, their agents, servants and /or employees consisted of failing to properly and adequately design, construct, maintain and keep in repair the said stairway, in failing to post warning signs, barricades, and otherwise warning the Plaintiff of the dangerous and hazardous condition; in failing to keep the stairway free from hazardous conditions which they knew or should have known constituted a danger and hazard to persons lawfully within the aforementioned premises; in failing to have adequate handrails; in having inadequate lighting, in having inadequate, improper and defective handrails; in failing to have sufficient inspections, repairs and maintenance done to the aforementioned stairway; in violating statute and code regulations; in improperly maintaining the lighting in the subject premises; in failing to use due care and caution in the premises; in failing to properly design and/or construct the stairway; and in being otherwise careless and negligent.

48. That this action falls within one or more of the exceptions set forth in CPLR §1602.

49. That as a result of the aforesaid accident caused by Defendants negligence, plaintiff has suffered severe personal injuries both temporary and permanent, has suffered and will suffer pain and mental anguish, has been and will be compelled to expend substantial sums of money for hospital, medical aid and assistance; has been and will be disabled from her vocation, and has been otherwise damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, along with fees, costs, and expenses.

    **WHEREFORE,** the Plaintiff demands judgment on the first cause of action in a sum of money having a present value which exceeds the jurisdictional limits of all lower

courts which would otherwise have jurisdiction of this matter, together with the costs and

disbursements of this action.

Dated: New York, New York
      March 1, 2008

                                                s/ Michael Asta

MICHAEL J. ASTA (MJA 1035)

Law Offices of Michael J. Asta
Attorneys for Plaintiffs
450 Seventh Avenue, Suite 2205
New York, NY 10123
(212)244-6555