UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DONNA JACKSON,                                                              Docket No: 08 CV 1306

                              Plaintiff,            **AMENDED VERIFIED ANSWER**

   -against-

                                             **Trial by Jury Demanded**

DARDEN CORPORATION, INC., and
DARDEN GC CORP d/b/a THE OLIVE
GARDEN RESTAURANT, and
SHERWOOD EQUITIES, INC.,                                                    Cedarbaum, M.G., J
                                                                            Eaton, D.F., M.J.
                                 Defendant(s)
-----------------------------------------------------------------------X

       Defendants, GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and GMRI, INC. i/s/h DARDEN GC CORP d/b/a THE OLIVE GARDEN RESTAURANT, as and for its Verified Answer to the Verified Complaint of the plaintiffs herein, by its attorneys, STEVEN F. GOLDSTEIN, LLP, respectfully alleges and states, upon information and belief, as follows:

       1.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1," "3," "5,""7," "12," "14," "24," "25," "26," "27," "28," "29," "30," "31," and "32" of the within Verified Complaint.

       2.     Defendant denies each and every allegation contained in Paragraph "2" of the within Verified Complaint except admit GMRI, Inc. was and still is a foreign corporation authorized to do business in the State of New York.

       3.     Defendant denies each and every allegation contained in paragraphs "4," "6," "9,""10," "11," "15," "33," "34," "35," "36," "37," "38," "39," "40," "41," "42," "43," "44," "45," "46," "47," "48," "49," of the within Verified Complaint.

       4.     Defendant denies each and every allegation contained in paragraph "13" but admits that GMRI, Inc. owned a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

5. Defendant denies each and every allegation contained in paragraph "16" but admits that GMRI, INC., maintained a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

6. Defendant denies each and every allegation contained in paragraph "17" but admits that GMRI, INC., controlled a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

7. Defendant denies each and every allegation contained in paragraph "18" but admits that GMRI, INC. managed a restaurant known as the OLIVE GARDEN RESTAURANT located at 2 Times Square, County of New York, City and State of New York.

8. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "19," "20," "21," "22," and "23," of the within Verified Complaint and refers all questions of law to this Honorable Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. That the plaintiff's Complaint, in whole or in part, fails to state a valid cause of action, or claim upon which relief may properly be granted against this answering defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. Upon information and belief, that any injuries sustained by plaintiff, were caused solely and wholly by reason of the carelessness and negligence of the plaintiff in that she did not take the usual necessary and proper precaution for her own safety and plaintiff was otherwise negligent and careless in the premises.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11. This answering defendant alleges, upon information and belief, that whatever injuries and/or damages were sustained by the plaintiff at the time and place alleged in the Complaint, were due in whole or in part as a result of the assumption of risk (primary and/or express and/or implied), comparative

negligence, contributory negligence and culpable conduct of the plaintiff, and that such negligence, conduct and risk assumption reduces, mitigates and/or bars plaintiff's recovery.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12. This answering defendant denies any liability. However, should defendant be held responsible, the defendant demands that responsibility and damages be apportioned, reduced and determined in accordance with Articles 14 and 16 of the CPLR, in that if the finder of fact finds the answering defendant responsible, then plaintiff damages were caused by her own culpable conduct and/or the culpable conduct and/or acts of others.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13. In the event plaintiff recovers a verdict or judgment against answering defendant, said verdict or judgment should be reduced pursuant to CPLR 4545(c) by those amounts which have been or will, with reasonable certainty, replaced or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14. This answering defendant pleads as a set off of all settlements, discontinuances or agreements which would reduce any recovery pursuant to General Obligations Law 15-108.

Breach of Contract

### FIRST CROSS-CLAIM AGAINST CO-DEFENDANT SHERWOOD EQUITIES, INC.

15. That if plaintiff sustained injury and damages as alleged, the defendant SHERWOOD EQUITIES, INC., is obligated to defend and indemnify GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and GMRI, INC. i/s/h DARDEN GC CORP d/b/a THE OLIVE GARDEN RESTAURANT,, against such damages and all other costs and expenses incurred by defendant GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and GMRI, INC. i/s/h DARDEN GC CORP d/b/a THE OLIVE GARDEN RESTAURANT, including attorney's fees, by virtue of liability

insurance said defendants were obligated to obtain in favor of defendant, GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and GMRI, INC. i/s/h DARDEN GC CORP d/b/a THE OLIVE GARDEN RESTAURANT, or to defend and indemnify for said breach of contract in failing to procure and maintain such insurance in favor of defendant GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and GMRI, INC. i/s/h DARDEN GC CORP d/b/a THE OLIVE GARDEN RESTAURANT, as an additional insured thereunder.

### SECOND CROSS-CLAIM AGAINST
### CO-DEFENDANT SHERWOOD EQUITIES, INC.

16. That if plaintiff was caused to sustain injuries and damages as alleged in her Complaint, through the carelessness, negligence, reckless and/or through any statutory violations as alleged and which defendant GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and GMRI, INC. i/s/h DARDEN GC CORP d/b/a THE OLIVE GARDEN RESTAURANT, specifically and expressly denies, and if plaintiff was caused to sustain said injuries and damages through wrongful conduct other than through his own culpable conduct, then defendant GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and GMRI, INC. i/s/h DARDEN GC CORP d/b/a THE OLIVE GARDEN RESTAURANT, will be damaged thereby and will be entitled to common-law indemnification from defendant, SHERWOOD EQUITIES, INC., from any judgment claimed or obtained as or against defendant, GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and GMRI, INC. i/s/h DARDEN GC CORP d/b/a THE OLIVE GARDEN RESTAURANT, including recoupment of costs and attorneys' fees associated with the defense of the lawsuit.

### THIRD CROSS-CLAIM AGAINST
### CO-DEFENDANT SHERWOOD EQUITIES, INC.

17. That if plaintiff, was caused to sustain injuries and damages as alleged in the Complaint through carelessness, negligence, recklessness and/or through any statutory violations as plaintiff alleges, and which defendant GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and GMRI, INC. i/s/h DARDEN GC CORP d/b/a THE OLIVE GARDEN RESTAURANT, specifically and

expressly denies, and if plaintiff was caused to sustain said injuries and damages through wrongful conduct other than through his/her own culpable conduct, then defendant, GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and GMRI, INC. i/s/h DARDEN GC CORP d/b/a THE OLIVE GARDEN RESTAURANT, will be damaged thereby and will be entitled to full written contractual indemnification from defendant SHERWOOD EQUITIES, INC., from any judgement claimed or obtained as or against defendant GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and GMRI, INC. i/s/h DARDEN GC CORP d/b/a THE OLIVE GARDEN RESTAURANT, pursuant to said contract, and defendant, GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and GMRI, INC. i/s/h DARDEN GC CORP d/b/a THE OLIVE GARDEN RESTAURANT, will further be entitled to recoupment of all costs and attorney's fees associated with the defense of this lawsuit.

## FOURTH CROSS CLAIM AGAINST CO-DEFENDANT SHERWOOD EQUITIES, INC.

18.  That if the plaintiffs were injured and damaged as alleged in their complaint, with or without any negligence on his part contributing thereto, then said injures and damages were caused by the active and primary negligence of the co-defendant, SHERWOOD EQUITIES, INC., and if the plaintiff obtains a recovery or judgment against the answering defendant, the aforesaid co-defendant will be obliged to contribute to the amount of the said recovery to the extent that the aforesaid co-defendant is held responsible to the plaintiff on the basis of the apportionment of negligence.

**WHEREFORE**, the defendants, GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and GMRI, INC. i/s/h DARDEN GC CORP d/b/a THE OLIVE GARDEN RESTAURANT, demands judgment dismissing the complaint off the plaintiff herein as to her and together with the costs and disbursements of this action and further demands that the ultimate rights of the defendants, GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and GMRI, INC. i/s/h DARDEN GC CORP d/b/a THE OLIVE GARDEN RESTAURANT, and the plaintiffs, and of the co-defendants be determined in this action and that the defendants, GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and GMRI, INC. i/s/h DARDEN GC CORP d/b/a THE OLIVE

GARDEN RESTAURANT, have judgment over and against the aforesaid parties for all or part of any verdict aor judgment which shall or may be had against her in this action, together with all reasonable costs and expenses which may have been incurred in the defense of this action.

Dated: Carle Place, New York
       March 14, 2008

Yours, etc.

STEVEN F. GOLDSTEIN, LLP

_____
STEVEN F. GOLDSTEIN (2076)
Attorneys for Defendants
GMRI, INC. d/b/a OLIVE GARDEN i/s/h DARDEN CORPORATION, INC. and DARDEN GC CORP d/b/a THE OLIVE GARDEN RESTAURANT
One Old Country Road, Suite 318
Carle Place, New York 11514
(516) 873-0011

TO: Law Offices of Michael J. Asta
Attorneys for Plaintiff
450 Seventh Avenue, Suite 2205
New York, New York 10123
(212) 244-6555

## VERIFICATION

STATE OF NEW YORK      )
                       )  SS.:
COUNTY OF NASSAU       )

**STEVEN F. GOLDSTEIN**, an attorney admitted to practice in the Courts of the State of New York, respectfully affirms the truth of the following under penalty of perjury and pursuant to Rule 2106 of the Civil Practice Law and Rules of the State of New York.

1. The affirmant is a member of the law firm of STEVEN F. GOLDSTEIN, LLP attorney for defendants.

2. The affirmant has read the foregoing **VERIFIED ANSWER** and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, affirmant believes it to be true.

3. The affirmant further states that the reason this verification is being made by the affirmant and not by the defendant, is that the defendant is not currently within the County in which the affirmant maintains his office.

4. The grounds of belief as to all matters not stated upon the knowledge of the affirmant are as follows: information contained in the records and files of the affirmant and of plaintiff.

_____
STEVEN F. GOLDSTEIN

Sworn to before me this
18 day of March 2008

_____
Notary Public

DEBRA BARBINE
Notary Public, State of New York
No. 01BA5070195
Qualified in Nassau County
Commission Expires April 21, 2011

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) SS.:
COUNTY OF NASSAU       )

DEBRA BARBINE, being duly sworn, deposes and says:

That deponent is not a party to the action, is over 18 years of age, and resides in New York.

That on the 18 day of March 2008, deponent served the within **AMENDED VERIFIED ANSWER** upon:

TO:   Law Offices of Michael J. Asta
      Attorneys for Plaintiff
      450 Seventh Avenue, Suite 2205
      New York, New York 10123
      (212) 244-6555

The addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
DEBRA BARBINE

Sworn to before me this
18 day of March 2008

_____
Notary Public

STEVEN F. GOLDSTEIN
NOTARY PUBLIC, State of New York
No. 4860969
Qualified in Nassau County
Commission Expires July 22, 20 19